# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANITA L. PERRY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. CIV-13-801-M |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
|     Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for benefits under the Social Security Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). The Commissioner has answered and filed the administrative record (hereinafter TR. ____). The parties have briefed their positions, and the matter is now at issue. It is recommended that the Commissioner's decision be **AFFIRMED**.

### I.    Procedural Background

Plaintiff's applications for benefits were denied initially and on reconsideration. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 11-18). The Appeals Council denied Plaintiff's request for review. (TR. 24-27). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II. The ALJ's Decision

The ALJ followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 416.920. The ALJ first determined that Plaintiff had not engaged in substantial gainful activity since August 5, 2010, the alleged disability onset date. (TR. 13). At step two, the ALJ determined that Plaintiff has the severe impairments of cervical degenerative disc disease and status post cervical laminectomy. (TR. 13). At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR. 14).

At step four, the ALJ found that Plaintiff was able to perform her past relevant work as a car rental agent (TR. 17). Accordingly, Plaintiff was found to be not disabled from November 1, 2008, the alleged onset date, through April 10, 2012, the date of the decision (TR. 18).

## III. Issues Presented

Plaintiff urges on appeal that the ALJ erroneously rejected Dr. Marshall's opinion regarding Plaintiff's work-related restrictions; and that the ALJ's credibility analysis was legally erroneous and not based on substantial evidence.

## IV. Standard of Review

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the

correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

**V.    Analysis**

   **A.    The Opinions of Jack E. Marshall, M.D.**

Plaintiff first argues that the ALJ erred in rejecting Dr. Marshall's opinion regarding Plaintiff's work-related restrictions (See Plaintiff's Brief pages 7-14). In October 2010, Dr. Marshall, a consulting physician, found, among other limitations, that Plaintiff was limited in her ability to lift over 10 pounds; that Plaintiff must sit for no more than 15-30 minutes with a break to stand and stretch; and that she must limit typing to 15 minutes per hour in an eight hour workday (TR. 327).

The ALJ's decision reflects that these opinions were considered and appropriately rejected. In rejecting Dr. Marshall's opinions the ALJ reasoned that

> Manual motor testing revealed 5/5 strength symmetrically. Cervical epidural steroid injections were performed, which were of some help. Dr. Marshall released her to work at light duty with postural limitations, lifting no more than 10 pounds, limited reaching above shoulder, and limited use of left arm and hand. . . .The undersigned has considered this opinion, but finds it largely unpersuasive and accords it little weight because it is markedly inconsistent with the objective record as a whole.

(TR. 18). The ALJ also observed that A.J. Bisson, M.D.'s examination of Plaintiff revealed good motor strength in her upper extremities; and that Andrew John, M.D. concluded, after examination of the Plaintiff, that she had no condition which would

3

prevent her from working at full duty with no limitation (TR. 16). The ALJ also considered the opinion of the State agency medical consultant who assessed Plaintiff as having the ability to perform light exertional work with no other limitations. (TR. 17).

Even though Dr. Marshall was not a treating physician, the ALJ was still required to consider his opinions. *See* 20 C.F.R. § 416.927(d) ("Regardless of its source, we will evaluate every medical opinion we receive"); SSR-96-5p, 1996 WL 374183, at *1 ("Opinions from any medical source about issues reserved to the Commissioner must never be ignored."), and to provide specific, legitimate reasons for rejecting it. *Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001). The regulations required the ALJ to consider several specific factors in weighing a medical opinion. *See* 20 C.F.R. § 416.927(d)(1)-(6). The ALJ rejected Dr. Marshall's opinion in reliance on the fourth such factor, consistency of the opinion with the evidence as a whole. *Id.* § 416.927(d)(4); (TR. 16). Substantial evidence supports his decision on this point, and the ALJ's rejection of Dr. Marshall's opinion was properly supported in the record.

### B. The ALJ's Credibility Analysis

Plaintiff also challenges the ALJ's credibility analysis. (See Plaintiff's Brief at pages 14-22). "Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotation omitted). In *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987), the Tenth Circuit set forth the framework for the proper analysis of a claimant's pain. First, the objective medical evidence must

demonstrate a pain-producing impairment. Second, a "loose nexus" must exist between the proven impairment and the claimant's subjective allegations of pain. If these two conditions are satisfied, the ALJ must then determine whether, considering all the evidence both objective and subjective, the claimant's pain is in fact disabling. *Id.* at 163-164. "Objective evidence" is any evidence that can be discovered and substantiated by external testing. *Id.* at 162. "Subjective evidence" consists of statements of the claimant that can be evaluated only on the basis of credibility. *Id.* at 162, n. 2. To determine the credibility of pain testimony, the ALJ should consider such factors as:

> The levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Branum v. Barnhart*, 385 F.3d 1268, 1273-1274 (10th Cir. 2004) (*quoting Hargis v. Sullivan*, 945 F.2d 1482, 1489 (10th Cir. 1991) (quotation omitted)).

A court may review an ALJ's credibility findings to ensure that the ALJ's factual findings underlying the credibility determination are "closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) (quotation omitted).

In this case, the ALJ made the following credibility finding:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged

> symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.
>
> Treatment notes in the record do not sustain the claimant's allegations of disabling pain and limitations. The credibility of the claimant's allegations is weakened by her objective medical evidence. The claimant does experience some levels of pain and limitations but only to the extent described in the residual functional capacity above.

(TR. 17). The ALJ thoroughly discussed the medical evidence, the Plaintiff's testimony, and Plaintiff's activities of daily living (TR. 15-17). In particular the ALJ reasoned that in December 2010, a Worker's Compensation physician, Andrew John, M.D., concluded that there was no period of temporary disability for Plaintiff; that Plaintiff could have been working, and had no condition that would prevent her from working at full duty with no limitation (TR. 16, 375). The ALJ also considered that

> [T]he claimant is able to perform household chores, activities of daily living, and stated that she was able to walk ½ mile to the store. However, she testified that she was only able to sit with her back supported up to 2 hours, walk up to one block, and pick up a gallon of milk with both hands. There is nothing in the medical reports to suggest limitations of this magnitude.

(TR. 17). The ALJ also observed that in October 2011, Plaintiff's own treating physician, Glenn Stow, M.D., noted that he did not feel "qualified or able to state that she cannot work"; and that "[i]f she wants someone to say that, she should see the doctor that told her [to] not work in the first place." (TR. 17, 404).

Because the ALJ's credibility analysis is supported by substantial evidence in the record as a whole, the decision of the ALJ on this point should be affirmed.

### C. New Evidence Presented

Lastly, Plaintiff argues that new evidence in the form of a third-party function report completed by Plaintiff's son on April 7, 2013, should be considered as a part of the ALJ's credibility analysis. (*See* Plaintiff's Reply Brief at pages 5-6). (TR. 265-272). The Commissioner correctly observes that the report generally echoes Plaintiff's own subjective complaints which were properly discounted by the ALJ, and cannot be seen as sufficiently probative to warrant a remand. (*See* Commissioner's Brief at page 10); *Frantz v. Astrue,* 509 F.3d 1299, 1301 (10th Cir. 2007); 20 C.F.R. § 404.1513(a); (Only "acceptable medical sources" can provide evidence to establish the existence of a medically determinable impairment).

In order for such evidence to be considered there must be a showing that it is new and material, and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. *Nguyen v. Shalala,* 43 F.3d. 1400, 1403 (10th Cir. 1994). In order to find a remand appropriate, [the court] normally must determine that the new evidence would have changed the [Commissioner's] decision had it been before him. Implicit in this requirement is that the proffered evidence relate to the time period for which the benefits were denied and that the evidence not concern a later-acquired disability or the subsequent deterioration of a previously nondisabling condition." *Hargis v. Sullivan,* 945 F.2d. 1482, 1493 (10th Cir. 1991) (citing

*Johnson v. Heckler*, 767 F.2d 180, 183 (5th Cir. 1985)). Since the evidence presented is based on opinions given nearly one year after the date of the ALJ's decision, it fails to relate to the relevant period.

It is unclear whether the evidence was presented to the Appeals Council prior to its June 25, 2013 decision (TR. 24-29). If the evidence was not presented to the Appeals Council prior to its June 2013 decision then Plaintiff fails to show good cause for the failure to incorporate such evidence into the record for consideration by the Appeals Council.

If the evidence was considered by the Appeals Council and thus made a part of the record, as argued by Plaintiff, then this Court must include it in its review of the ALJ's decision, without separate consideration of the requirements of qualification. *Krauser v. Astrue,* 638 F.3d 1324, 1328 (10th Cir. 2011).

The regulation applicable to the Appeals Council review of the decision of an ALJ states that "[i]n reviewing decisions based on an application for benefits, if new and material evidence is submitted, the Appeals Council shall consider the additional evidence...." 20 C.F.R. § 416.1470(b). On its face the regulation does not impose a duty on the Appeals Council to articulate its consideration of the additional evidence when it denies a request for review.

In *O'Dell v. Shalala*, 44 F.3d 855 (10th Cir. 1994), after the determination by the ALJ of non-disability, the claimant submitted additional evidence to the Appeals Council. The Appeals Council decided that the new evidence did not provide a basis for changing

the ALJ's decision. The claimant appealed, and the district court affirmed the decision of the Secretary. On appeal from the decision of the district court, the Tenth Circuit held that the evidence, presented for the first time to the Appeals Council, is "part of the administrative record to be considered when evaluating the Secretary's decision for substantial evidence." *Id.* at 859. The Court reviewed the record, including the new evidence, and affirmed the district court's (and the Secretary's) decision because the ALJ's determination (after considering the "new" evidence) remained supported by substantial evidence. *Id.*

Similarly, in this case the ALJ's decision that Plaintiff was not disabled remains supported by substantial evidence, as does the ALJ's credibility determination, which now includes the "new" evidence not considered by the ALJ. As discussed above, the Appeals Council had no duty to articulate the reasoning for its reflexive denial.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner should be **AFFIRMED**.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **February 17, 2015**.

The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

**STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on February 2, 2015.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE